[Civ. No. 7410. First Appellate District, Division Two.—November 26, 1930.]

C. McAULEY, Respondent, v. BROCKWAY TAHOE VISTA CORPORATION (a Corporation), Appellant.

Carr & Guiler and Albert C. Aiken for Appellants.

Robert P. Cahen for Respondent.

STURTEVANT, J.—The plaintiff as the assignee of David H. Glickman commenced an action to recover $730 alleged to be due and owing for services rendered the defendants at their request for an agreed sum. The defendant Biltz was not served. The defendant corporation appeared and answered. A trial was had before the trial court sitting without a jury. The trial court made findings in favor of the plaintiff and from a judgment entered thereon the corporation has appealed and has brought up a typewritten transcript. It was the theory of the plaintiff that he was employed by Norman Biltz, and that the latter was the authorized agent of the defendant corporation having authority to employ the plaintiff and fix his compensation. On the other hand, it was the theory of the defendant that Biltz was employed by the corporation as a broker and that his compensation was fixed on a commission basis and that Biltz had no authority to incur any obligations whatever against the defendant corporation. The defendant contends that there is not one scintilla of evidence to show that Biltz had any authority to bind the corporation nor that he attempted to do so. We think the contention must be sustained. An examination of the record shows that there was no evidence introduced showing, or tending to show, that Biltz attempted to employ the plaintiff on the account of the defendant corporation. No minute entry, resolution or by-law was introduced. If the corporation has a manager the record does not disclose the fact nor who that manager may be. The plaintiff testified that he received a telephone message from Warren Murphy, asking him to call and have a talk with Norman H. Biltz. Neither Murphy nor Biltz was called as a witness or in any manner gave any evidence on the trial. As to what authority either of those men possessed was not testified to by any witness. The plaintiff claims that Norman H. Biltz had ostensible authority to employ the plaintiff. That claim is not supported by any evidence in the record because the record does not disclose that at any other time or place either

Murphy or Biltz ever employed the plaintiff in the same or any other capacity for themselves or for anyone else.

In this same connection the plaintiff contends that the defendant is estopped, but no estoppel was pleaded by the plaintiff, the trial court made no finding thereon, and this court may not assume to do so. (*Blood* v. *La Serena,* 113 Cal. 221 [41 Pac. 1017, 45 Pac. 252].) Furthermore, the elements of an estoppel were not present. (1 Cal. Jur. 732, sec. 34.) The plaintiff's talks with Biltz took place at the offices, 693 Sutter Street. At least some of the plaintiff's work was done at the same office. That office immediately adjoins a room occupied by the defendant corporation. The record discloses the fact that the president and secretary of the defendant corporation have their offices in the latter room. Presumably the books of the corporation are in that room, but at no time did the plaintiff examine the books of the corporation or make any inquiry of the president or secretary as to what authority Biltz had to hire employees for the defendant corporation.

If we are correct as to what has been said above, and we have no doubt but that we are, it then becomes unnecessary to discuss any other point made in the briefs. It follows that the judgment should be reversed and it is so ordered.

Nourse, P. J., and Spence, J., concurred.

ployee of the defendant Lacy Manufacturing Company. From this judgment the defendants appeal.